**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**DEWAYNE NICHOLAS**                                                                            **PETITIONER**
Reg. #18318-074

VS.                            CASE NO.: 2:08CV000112 SWW/BD

**T.C. OUTLAW, Warden,**
**FCC, Forrest City, Arkansas**                                                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

1

II.   **Background**:

Petitioner is currently serving a one-hundred-seventeen-month sentence in the Bureau of Prisons ("BOP") after pleading guilty to possession of materials used to manufacture a controlled substance in violation of 21 U.S.C. § 843 and possession of a firearm in relation to the drug offense in violation of 18 U.S.C. § 924(c).  On June 9, 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (docket entry #2) claiming that under 18 U.S.C. § 3621(e) he is entitled to eligibility for a reduction in his sentence upon his completion of a residential drug abuse program.  (#2 at p.4)

On July 3, 2008, the District Court entered an order (#8) granting Petitioner's motion to stay his petition pending a decision by the Eighth Circuit Court of Appeals in *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009).  Petitioner moved to lift the stay after the Eighth Circuit rendered its decision in *Gatewood*, and the District Court granted the motion.  (#9, #10)

In his motion to lift the stay, Petitioner again asks the Court to grant him eligibility for early release upon completion of the residential drug abuse program.  He contends that the *Gatewood* decision is not dispositive of his claims.

Petitioner claims that the BOP wrongly has deemed him ineligible for early release upon completion of the program because of his conviction under 18 U.S.C. § 924(c), and that the Eighth Circuit decision in *Sesler v. Pitzer*, 110 F.3d 569 (8th Cir. 1997) is

dispositive. (#9 at p. 2) *Sesler v. Pitzer*, 110 F.3d 569 (8th Cir. 1997), *cert. denied*, 522 U.S. 877 (1997), *overruled on other grounds*, *Hohn v. U.S.*, 262 F.3d 811 (8th Cir. 2001).

In *Sesler*, the defendant pleaded guilty to using a firearm while committing a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *Id*. at 570. Upon completion of a residential drug abuse program, Mr. Sesler petitioned the BOP for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B), which provides eligibility for sentence reduction for prisoners "convicted of a *nonviolent* offense."[1] *Id*.; 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The BOP denied the sentence reduction request on the ground that he was not eligible because he had been convicted of a *violent* offense. *Id*. Mr. Sesler filed a habeas petition challenging the BOP's decision, and the Eighth Circuit upheld the district court's decision denying relief. After reviewing the elements necessary to prove a conviction of an offense under § 924(c)(1), the Court concluded that an offense under 18 U.S.C. § 924(c) is "clearly not a *nonviolent* offense within the meaning of § 3621(e)(2)(B)"; thus Mr. Sesler was not eligible for a sentence reduction based on his completion of the program. *Id*. at 572.

---

[1] 18 U.S.C. § 3621(e)(2)(B) provides in relevant part:

Period of custody.-The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Petitioner concedes that, under the holding in *Sesler*, the relief he seeks is not available. (#9 at p. 2)  Like Mr. Sesler, Petitioner pleaded guilty to an offense under 18 U.S.C. § 924(c), which the Eighth Circuit held to be violent offense.  *Id*.  Accordingly, Petitioner is not eligible for a sentence reduction under 18 U.S.C. § 3621(e).

### III.  Conclusion

Based on the Eighth Circuit's ruling in *Sesler*, the Court recommends that the District Court dismiss the petition with prejudice.

DATED this 10th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE